IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MOHAMMAD ZAKI AMAWI, # 30547-160, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>J.S. WALTON, *et al.*, )<br>)<br>Defendants. ) | Case No. 13-cv-866-JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, currently incarcerated at the United States Penitentiary at Marion ("Marion"), brings this action for alleged violations of his constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). He also asserts claims under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 553, 702, 706. Plaintiff is serving a 20-year sentence for conspiracy to kill, kidnap, maim or injure persons outside of the United States, conspiring to provide material support to terrorists, and distributing information regarding explosives (Doc. 1, p. 12). He was sentenced in the Northern District of Ohio in October 2009.

Plaintiff names a total of 33 Defendants in this action. His claims all arise out of his confinement in Marion's Communications Management Unit ("CMU"). He asserts violations of his rights to procedural due process and equal protection, conspiracy to deprive him of those constitutional rights, and violation of the APA. He also brings a state law claim for intentional infliction of emotional distress (Doc. 1, pp. 17, 22-23). The Defendants include Eric Holder (Attorney General of the United States), the Federal Bureau of Prisons ("BOP"), numerous

current[1] and past[2] Marion officials, and current[3] and past[4] BOP officials.

Plaintiff's factual allegations are as follows. He has been confined since January 2010 in Marion's CMU, to which he also refers as the "Muslim Control Unit" (Doc. 1, pp. 11-12). Plaintiff is a Muslim. Defendants Lappin, Dodrill, Conley, Holder, Kane, Nalley, Nelson, Schiavone, Cruitt, Colt, Capaldo, Simmons, Falls, Hollingsworth, and Smith all approved his placement in the CMU in December 2009. Inmates may be placed in the CMU if their offense involved "association, communication, or involvement, related to international or domestic terrorism," among other reasons (Doc. 1, p. 13). Defendants Hollingsworth, Kelly, Neumann, Rivas, Parent, and Julian notified Plaintiff that he was designated to the CMU "because he is a Muslim and a 'terrorist,'" and because he is an Arab (Doc. 1, pp. 14, 19). They told him that for these reasons, he would remain in the CMU for his entire sentence. Plaintiff's initial transfer to the CMU was also approved by Defendants Baney and Howard, in addition to the above

---

[1] According to Plaintiff, the following Defendants are current Marion officials: J.S. Walton (Warden), Dan Sproul (Associate Warden of Programs), Calvin Johnson (Associate Warden of Operations), Steven Cardona (CMU Unit Manager), M. Neumann (Case Manager Coordinator and former CMU Case Manager), G. Burgess (CMU Case Manager), E. Garcia (Captain), and Henry Rivas (CMU Intelligence Research Specialist).

[2] The following Defendants are former Marion officials: Wendy J. Roal and Lisa Hollingsworth (Wardens), John Parent (Associate Warden), Steve Julian (Associate Warden of Operations), Jeff Baney (Executive Assistant), Paul Kelly (Unit Manager), and Lawrence Howard (Captain).

[3] The following Defendants are current Bureau of Prisons officials: Brian K. Davis (Assistant Director of Correctional Programs Division), Leslie Smith (Chief of Counterterrorism Unit/Head of Intelligence Section), Charles Samuels (BOP Director), Paul M. Laird (BOP North Central Regional Director), D. Schiavone (BOP Senior Intelligence Analyst/Counterterrorism Unit), April Cruitt, William Falls, J. Simmons, T. Capaldo, and Stephen Colt (all BOP Intelligence Analysts/Counterterrorism Unit).

[4] The following Defendants are former BOP officials: D. Scott Dodrill (Assistant Director of Correctional Programs Division), Harley Lappin (BOP Director), Thomas R. Kane (Acting BOP Director), Michael K. Nalley (BOP North Central Regional Director), Amber Nelson (BOP North Central Acting Regional Director), and Joyce Conley (BOP Assistant Director of Programs). Defendant Joyce Conley was omitted from the docket sheet because Plaintiff did not include her among the enumerated Defendants in the complaint (Doc. 1, pp. 1-2, 7-12). However, he lists her as an additional Defendant in his attached exhibits (Doc. 1-1, p. 6), and includes allegations against her in his statement of claim. The Clerk shall be directed to add Defendant Conley as a party.

Defendants.

Prisoners in the CMU are subject to increased restrictions and monitoring of their communications with other inmates and persons outside the prison. Plaintiff was told by Defendants Kelly, Hollingsworth, Parent, Julian, Neumann, and Rivas that he would be limited to only two visits per month of four hours each. He would have only one 15-minute phone call per week, which must be approved in advance by Defendant Rivas or another member of Plaintiff's "Unit Team" (Doc. 1, pp. 13-14). In addition, he has no contact with inmates in the general population, has no access to the prison mailroom, and has only limited opportunity for a prison job. In addition, jobs in the CMU offer lower pay than is available in other areas of the prison. In contrast, general population inmates may make 300 minutes worth of phone calls per month, have contact visits, have access to a variety of jobs including higher paid positions, may participate in construction and other trade programs, and may access the mailroom, religious services, and psychological services. Plaintiff alleges that inmates in the federal supermax prison at Florence, Colorado, have four times more visits than Marion CMU inmates are allowed. He argues that the conditions in the CMU are so harsh and extreme that Defendants were required to afford him procedural due process protections, both prior to his CMU placement, and at subsequent reviews (Doc. 1, p. 18).

The written notice of Plaintiff's transfer to the CMU (Doc. 1-1, p. 4) states that he has the right to appeal the transfer. Defendants Rivas, Kelly, and Neumann have conducted reviews of Plaintiff's placement every six months, at which he has requested transfer out of the CMU (Doc. 1, p. 15). However, these Defendants have responded that Plaintiff "will NEVER leave the CMU. We don't need any more Muslims in general population to radicalize anyone." *Id*. They added that Marion officials could not grant him a transfer, and only Defendant Dodrill (Assistant

Director of Correctional Programs for the BOP) had that authority. Plaintiff alleges that the following Defendants denied his requests for a transfer to a different unit, based on the discriminatory policy of keeping Plaintiff and other Muslims in the CMU: Hollingsworth, Parent, Julian, Baney, Schiavone, Colt, Simmons, Smith, Cruitt, Falls, Nalley, Howard, Rivas, Nelson, Conley, Lappin, Kelly, Roal, Cardona, Samuels, Laird, Dodrill, Johnson, Sproul, Garcia, Neumann, and Burgess (Doc. 1, pp. 15-16).

In addition, Plaintiff claims that the BOP routinely denies halfway house placement to Muslim inmates with actual or suspected links to terrorism. Those who are allowed such placement are required to wear ankle bracelets and are subject to special monitoring (Doc. 1, p. 16).

Finally, Plaintiff charges that the BOP failed to follow the requirements of the APA, because it failed provide advance notice or solicit comments on the rules that established the CMU at Marion or the CMU at the federal prison at Terre Haute, Indiana (Doc. 1, pp. 12, 16-17).

He seeks unspecified injunctive relief, as well as declaratory relief, compensatory and punitive damages.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the Court finds that at this stage of the litigation, Plaintiff has articulated the following colorable federal claims which shall receive further review:

**Count 1:** Procedural due process claim against all the individual Defendants (but not against Defendant BOP), for placing and retaining Plaintiff in the CMU, and denying his requests for transfer;

**Count 2:** Equal protection claim against all the individual Defendants (but not against Defendant BOP), for designating Plaintiff for placement in the CMU based on his race and religion;[5]

**Count 3:** Violation of the Administrative Procedure Act, against Defendant Bureau of Prisons and all individual Defendants.

However, Plaintiff has failed to state a viable claim for conspiracy **(Count 4)**, intentional infliction of emotional distress **(Count 5)**, or for discriminatory denial of halfway house placement to Muslim inmates **(Count 6)**. Therefore, these claims shall be dismissed without prejudice.

**Dismissal of Count 4 - Conspiracy**

Plaintiff alleges that the individual Defendants conspired to deprive him of his procedural due process rights, as well as to place and retain him and other Muslims in the CMU in violation of their rights to equal protection under the law. Under the intracorporate conspiracy doctrine, a § 1985 conspiracy claim "cannot exist solely between members of the same entity." *Payton v. Rush Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 632 (7th Cir. 1999). Plaintiff has alleged that the defendants are all officials (or former officials) of the same entity, the Federal Bureau of Prisons, and that they were all working in the BOP's interest. The BOP is an agency of the United States Department of Justice, headed by Defendant Holder. Therefore, the defendants cannot be sued for conspiracy under § 1985. *See id. See also Wright v. Ill. Dep't Of Children and Family Servs.*, 40 F.3d 1492, 1508 (7th Cir. 1994).

The Court declines Plaintiff's invitation to disregard the intracorporate conspiracy doctrine, citing *Volk v. Coler*, 845 F.2d 1422, 1435 (7th Cir. 1988) and *Travis v. Gary Comm.*

---

[5] Plaintiff adds his "political beliefs" as another impermissible reason for his CMU placement (Doc. 1, p. 17). However, the complaint fails to articulate what those particular beliefs consist of; therefore, Plaintiff fails to state an equal protection claim on this ground.

*Mental Health Ctr.*, 921 F.2d 108, 110 (7th Cir. 1991). *Travis* supports the Court's conclusion that the intracorporate conspiracy doctrine applies to defeat Plaintiff's claim. *Volk* does not dictate a different result, and in fact points out that Plaintiff would not be entitled to any additional damages if he were to prevail on a conspiracy claim in addition to the underlying due process or equal protection claims.

Further, "the function of a conspiracy claim under 42 U.S.C. § 1985(3) is to 'permit recovery from a private actor who has conspired with state actors.'" *Turley v. Rednour*, __F.3d __ , 2013 WL 3336713, *2 n.2 (7th Cir. July 3, 2013) (quoting *Fairley v. Andrews*, 578 F.3d 518, 526 (7th Cir. 2009)). Nowhere does Plaintiff's complaint allege the involvement of any private individual in the claimed constitutional violations. For these reasons, Count 4 shall be dismissed with prejudice.

**Dismissal of Count 5 – Intentional Infliction of Emotional Distress**

According to the Illinois Supreme Court, the tort of intentional infliction of emotional distress includes the following elements:

> (1) the conduct involved must be truly extreme and outrageous; (2) the actor must either intend that his conduct inflict severe emotional distress, or know that there is at least a high probability that his conduct will cause severe emotional distress[;] and (3) the conduct must in fact cause severe emotional distress.

*Honaker v. Smith*, 256 F.3d 477, 490 (7th Cir. 2001) (citing *McGrath v. Fahey,* 533 N.E.2d 806, 809 (Ill. 1988)).

While Plaintiff alleges that the Defendants' actions of denying him due process and equal protection "shock the conscience" (Doc. 1, pp. 21-22), he does not claim that they took these actions with the requisite intent to inflict severe emotional distress. Further, he never claims that he in fact suffered any emotional distress as a result of the Defendants' conduct. Accordingly, Count 5 shall be dismissed without prejudice.

**Dismissal of Count 6 – Halfway House Placement**

Plaintiff makes general claims that Muslim inmates who have been confined in the CMU are either denied community halfway house placement when they near the end of their sentences, or are subjected to onerous conditions while in community placement. However, he does not allege that he personally has been denied community placement, and he is clearly nowhere close to the time in his sentence at which he might be eligible for such placement. He therefore fails to state a claim. *See Higgason v. Farley*, 83 F.3d 807, 810 (7th Cir. 1996) (plaintiff lacks standing in civil rights action where he alleges that inmates generally are treated in contravention to the constitution, but not that plaintiff himself was treated in violation of the constitution). Count 6 shall be dismissed without prejudice.

**Pending Motion**

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to United States Magistrate Judge Frazier for further consideration.

**Disposition**

The Clerk is **DIRECTED** to add Joyce Conley (former BOP Assistant Director of Programs) as a party Defendant.

**COUNT 4** is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted. **COUNTS 5 and 6** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

The Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons and form USM-285 for service of process on Defendants **WALTON, DODRILL, DAVIS, SMITH, LAPPIN, HOLDER, KANE, SAMUELS, NALLEY, LAIRD, NELSON, ROAL, HOLLINGSWORTH, PARENT, JULIAN, SPROUL, JOHNSON, BANEY, KELLY,**

**CARDONA, NEUMANN, BURGESS, HOWARD, GARCIA, RIVAS,** and **FEDERAL BUREAU of PRISONS**; the Clerk shall issue the completed summons.  The United States Marshal **SHALL** serve the above Defendants pursuant to Rule 4(e) of the Federal Rules of Civil Procedure.[6]  All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service.

In addition, pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois a copy of the summons, the complaint, and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the complaint, and this Memorandum and Order.

Plaintiff states that the following Defendants, who work with the BOP's Counterterrorism Unit in Martinsburg, West Virginia, have an address that is "known only by the BOP": **SCHIAVONE, CRUITT, FALLS, SIMMONS, CAPALDO,** and **COLT** (Doc. 1, pp. 9-10).  Therefore, Plaintiff did not provide an address for these individuals.  Similarly, Plaintiff did not provide an address for retired BOP employee Defendant **CONLEY**, whose address is also "known only by the BOP" (Doc. 1-1, p. 6).  With respect to these Defendants, the BOP or its representative, **within 45 days of the date of this order (on or before November 7, 2013), SHALL** furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for formally effecting

---

[6] Rule 4(e) provides, "an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or law to receive service of process."

service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Similarly, for any other Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Philip M. Frazier** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that

his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: September 23, 2013**

*s/J. Phil Gilbert*
United States District Judge