UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MOHAMMED ZAKI AMAWI,

    Plaintiff,

        v.

J.S. WALTON, *et al.*,

    Defendants.

Case No. 13-cv-866-JPG-PMF

## MEMORANDUM AND ORDER

This matter comes before the Court for case management purposes. Plaintiff Mohammed Zaki Amawi signed his complaint on August 12, 2013, and it was received by the Court and docketed on August 21, 2013 (Doc. 1). The Court has allowed the plaintiff to proceed in this case without prepayment of fees and has assessed an initial partial filing fee of $6.14 pursuant to 28 U.S.C. § 1915(b)(1) (Doc. 7). The Court calculated this filing fee after considering the average monthly balance or deposits in the plaintiff's account for the six-month period immediately preceding the filing of the complaint. The plaintiff began that period with a balance of $50.01. He then spent the vast majority of that balance on commissary purchases, phone and electronic messages and a $61.00 withdrawal of personal funds, leaving him with only $3.60 in his account when he filed this lawsuit on August 21, 2013. The Court further notes that the plaintiff received approximately $14.00 per month for his prison job during that period and $140.00 in other income. Amawi has made no payments toward the initial partial filing fee assessed at the outset of this case.

It is clear that within the six months before the plaintiff filed this suit, he was capable of paying $6.14 to the Court. At that time he also should have expected to be liable for the sum due in light of the substantial balances in his account in the six months prior to filing suit; he could have easily calculated the initial partial filing fee (or at least a ballpark figure) based on his account

history and the formula set forth in the statute.  *See* 28 U.S.C. § 1915(b)(1).  That the plaintiff made the financial decision to spend his money and not to save it to pay for this lawsuit is a decision the plaintiff must live with.  If a prisoner's account received ample funds to pay the required fee at the required time but he spent the money on other things, the prisoner's case can be dismissed for noncompliance with 28 U.S.C. § 1915(b)(1).  *See Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997).  "Requiring prisoners to make economic decisions about filing lawsuits does not deny access to the courts; it merely places the indigent prisoner in a position similar to that faced by those whose basic costs of living are not paid by the state."  *Roller v. Gunn*, 107 F.3d 227, 233 (4th Cir. 1997), *quoted in Miller v. Hardy*, 497 Fed. App'x 618, 621 (7th Cir. 2012).  However, rather than dismissing this case at the present time, the Court will give the plaintiff additional time to pay the fee due and will stay this case in the meantime.

Accordingly, the Court:

- **ORDERS** that the plaintiff shall have up to and including February 21, 2014, to pay the entire initial partial filing fee of $6.14;

- **STAYS** this case until further order of the Court; and

- **WARNS** the plaintiff that if he does not pay the entire initial partial filing fee of $6.14 by February 21, 2014, the Court will dismiss this case without prejudice.

**IT IS SO ORDERED.**
**DATED: January 31, 2014**

                                              s/J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**