IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MOHAMMAD ZAKI AMAWI,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 13-cv-866-JPG-PMF |
| ) | |
| **J.S. WALTON, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**REPORT AND RECOMMENDATION**

**FRAZIER, Magistrate Judge:**

Before the Court is plaintiff's motion for a preliminary injunction and/or a temporary restraining order (Doc. No. 150). Mohammad Zaki Amawi is proceeding against multiple defendants on *Bivens* and APA claims arising out of his former confinement in USP-Marion's CMU, where his communications were restricted and monitored. In the present motion, Amawi seeks an order directing the defendants to provide him with access to his legal materials. He maintains that the deprivation has extended for two months and is interfering with his access to this Court. Amawi was recently transferred to USP-Lewisburg, in Pennsylvania (Doc. No. 149).

In order to establish that he is entitled to a preliminary injunction, Amawi must show that he has some likelihood of success on the merits of his claim, that he does not have an adequate remedy at law, and that he will suffer irreparable harm if the injunction is not granted. *Exell v. City of Chicago*, 651 F.3d 684, 694 (7th Cir. 2011). The Court must also consider the public interest, weighing factors in a sliding scale approach. *Christian Legal Society v. Walker*, 453 F.3d 853, 859 (7th Cir. 2006). Injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm, and be the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2).

  Amawi's motion is not accompanied by information suggesting that he has a likelihood of success on the merits of his *Bivens* or APA claims. Moreover, he has an adequate remedy at law. If he is dissatisfied with recent decisions about his personal property, he can seek relief by using the BOP's administrative remedy program. 28 C.F.R. § 542 et seq. There is no persuasive argument that he will suffer irreparable harm if an injunction is not granted. If the deprivation continues, Amawi can always file a short motion seeking an extension of scheduling deadlines (none are approaching at this time). Fed. R. Civ. P. 16(b)(4). Alternatively, he can ask the Court to stay proceedings for a period of time. Moreover, the events taking place at USP-Lewisburg are not at issue in this case. At this time, the circumstances do not justify an order interfering with internal administration of a prison facility in Pennsylvania.

  IT IS RECOMMENDED that the motion (Doc. No. 150) be DENIED.

  **SUBMITTED:**  **November 17, 2014** .

           s/Philip M. Frazier
           **PHILIP M. FRAZIER**
           **UNITED STATES MAGISTRATE JUDGE**