UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MOHAMMAD ZAKI AMAWI,

    Plaintiff,

          v.                          Case No. 13-cv-866-JPG-PMF

J.S. WALTON, *et al.*,

    Defendants.

## MEMORANDUM AND ORDER

    This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 151) of Magistrate Judge Philip M. Frazier recommending that the Court deny plaintiff Mohammad Zaki Amawi's motion for a preliminary injunction and temporary restraining order (Doc. 150). Amawi has objected to the Report (Doc. 153).

    The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

    Amawi was formerly incarcerated at the United States Penitentiary at Marion, Illinois. He had been confined to the Communications Management Unit ("CMU") for more than four years. In that unit, his communications with outside individuals were monitored and restricted more than those of inmates in other units. He asks the Court to order prison officials at the United States Penitentiary at Lewisburg, Pennsylvania, where he is currently incarcerated, to provide him with access to his legal materials relating to his lawsuit about the USP-Marion CMU.

Magistrate Judge Frazier found that Amawi has not shown he has a likelihood of success on the merits of his claims in this case, that he lacks an adequate remedy at law or that he will suffer irreparable harm from the lack of injunctive relief. He notes that Amawi may seek relief through the Bureau of Prisons' administrative remedy procedure and may seek extensions of time or a stay from this Court if the lack of access to his legal property hinders his ability to meet deadlines. Furthermore, Magistrate Judge Frazier found, interference with the administration of USP-Lewisburg is not warranted.

In his objection, Amawi states he has tried to exhaust his administrative remedies at USP-Lewisburg but was told he was on a list to review legal documents. He also argues the only public interests at issue in this case are the claims he raises in this case and his improper incarceration in the USP-Marion CMU.

The Court has reviewed Amawi's motion *de novo* and finds that Magistrate Judge Frazier was correct in his reasoning and conclusions in the Report. Amawi has not carried his burden of showing he is entitled to preliminary injunctive relief or a temporary restraining order. If Amawi disagrees with operations at USP-Lewisburg, he may seek an administrative remedy at that prison. If he is unable to meet a deadline set by the Court because of a lack of access to his legal materials, this Court will consider any reasonable request for an extension or a stay. Accordingly, the Court:

- **ADOPTS** the Report (Doc. 151) in its entirety; and
- **DENIES** Amawi's motion for a preliminary injunction and temporary restraining order (Doc. 150);

**IT IS SO ORDERED.**
**DATED: January 21, 2015**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**