UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MOHAMMAD ZAKI AMAWI,<br><br>    Plaintiff,<br><br>    v.<br><br>J.S. WALTON, D. SCOTT DODRILL, BRIAN K. DAVIS, LESLIE SMITH, HARLEY LAPPIN, ERIC HOLDER, THOMAS R. KANE, CHARLES SAMUELS, JR., MICHAEL K. NALLEY, PAUL M. LAIRD, AMBER NELSON, D. SCHIAVONE, APRIL CRUITT, WILLIAM FALLS, J. SIMMONS, T. CAPALDO, STEPHEN COLT, WENDY J. ROAL, LISA J. HOLLINGSWORTH, JOHN PARENT, STEVE JULIAN, DAN SPROUL, CALVIN JOHNSON, JEFF BANEY, PAUL KELLY, STEVEN CARDONA, M. NUEMANN, G. BURGESS, LAWRENCE HOWARD, E. GARCIA, HENRY RIVAS, FEDERAL BUREAU OF PRISONS and JOYCE CONLEY,<br><br>    Defendants. | No. 13-cv-866-JPG-RJD |

**MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff Mohammad Zaki Amawi's motion for the Court to reconsider (Doc. 207) its April 10, 2017, order (Doc. 206) denying his motion for an extension of time to object to Magistrate Judge Reona J. Daly's Report and Recommendation ("Report") (Doc. 203) and motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(a) (Doc. 205).

In its April 10, 2017, order, the Court denied Amawi's motion for an extension of time to object to the Report, finding that he had waited too long after receiving the report on November 28, 2016 – a total of three weeks – before mailing his motion for an extension of time. The Court further denied his motion for reconsideration because he failed to point to any exceptional

circumstances justifying relief from judgment in this case. As a precautionary measure, the Court reviewed the Report *de novo* anyway and found, for the reasons stated in the Report, that Magistrate Judge Daly was correct in her conclusions.

The Court construes the pending motion for reconsideration to be under Federal Rule of Civil Procedure 60(b). It is well settled that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. *Gonzalez v. Crosby*, 545 U. S. 524, 535 (2005); *McCormick v. City of Chi.*, 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)). Rule 60(b) allows a court "to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). The rule authorizes a Court to grant relief from judgment for the specific reasons listed in the rule but does not authorize action in response to general pleas for relief. *See Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995). It is also not an appropriate vehicle for addressing simple legal error, for rehashing old arguments, or for presenting arguments that should have been raised before the court made its decision. *Russell*, 51 F.3d at 749; *Rutledge v. United States*, 230 F.3d 1041, 1052 (7th Cir. 2000); *Young*, 161 F.R.D. at 62; *In re Oil Spill by "Amoco Cadiz,"* 794 F. Supp. 261, 267 (N.D. Ill. 1992), *aff'd*, 4 F.3d 997 (7th Cir. 1993) (Table).

In the pending motion, Amawi offers more excuses for his delay in seeking an extension of time to object: his lack of postage and writing material when he was in the Special Housing Unit ("SHU") from September 26, 2016, to December 1, 2016; his dependence on prison personnel to retrieve his mail for posting while he was in the SHU; and his lack of access to his legal material. These reasons do not, however, explain why it took Amawi nearly three weeks after being released from the SHU on December 1, 2016, to file a motion for an extension of time explaining why he

needed more time to object. Such a motion would not have required access to a law library or Amawi's legal materials. All he needed to say was that he required more time because he did not have access to the legal materials he needed to draft his objections to the Report.

Amawi also asks for reconsideration of the denial of his prior Rule 60(b) motion. However, he offers reasons why he believes the Court's original judgment was wrong, not why he believes its ruling on his first Rule 60(b) motion was wrong, the only question pending before the Court at this time. He has not pointed to any exceptional circumstances why the Court should reconsider its April 10, 2017, order finding that his prior Rule 60(b) motion did not warrant relief from judgment.

Even if his motion were directed at the Court's original judgment, it is not compelling. With respect to Count 1, a procedural due process claim asserting loss of liberty by placement in a restrictive housing unit at USP-Marion, the Court found it was not clearly established at the time of Amawi's placement in the unit from January 2010 to August 2014 that such placement amounted to a deprivation of liberty. Amawi points to a Court of Appeals decision from the District of Columbia Circuit, *Aref v. Lynch*, 833 F.3d 242, 257 (D.C. Cir. 2016), that he argues "clearly establishes" that law, but even if it did, that was too late to deprive the defendants in this case of qualified immunity for their conduct two years earlier.

As for Count 2, an equal protection claim asserting discrimination against Muslims by placing and keeping them in a restrictive housing unit, the Court found no evidence of discrimination from those actually making or influencing the housing placement and retention decisions about which Amawi complains. By the same token, the Court found those making discriminatory comments had no input into the housing decisions. Amawi now makes vague assertions of discrimination without curing the evidentiary void noted in the Report and the

3

Court's order dismissing this case.

Additionally, the Court has already considered the defendants' motion for summary judgment *de novo* as explained in its April 20, 2017, order.  Further review is unwarranted.

In sum, the Court does not find that Amawi has pointed to any exceptional circumstances warranting relief from the Court's April 10, 2017, order.  Accordingly, the Court **DENIES** his motion for reconsideration (Doc. 207).

**IT IS SO ORDERED.**
**DATED:   December 21, 2017**

                                        s/ J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **DISTRICT JUDGE**