UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MOHAMMAD ZAKI AMAWI,<br><br>    Plaintiff,<br><br>    v.<br><br>J.S. WALTON, D. SCOTT DODRILL, BRIAN K. DAVIS, LESLIE SMITH, HARLEY LAPPIN, ERIC HOLDER, THOMAS R. KANE, CHARLES SAMUELS, JR., MICHAEL K. NALLEY, PAUL M. LAIRD, AMBER NELSON, D. SCHIAVONE, APRIL CRUITT, WILLIAM FALLS, J. SIMMONS, T. CAPALDO, STEPHEN COLT, WENDY J. ROAL, LISA J. HOLLINGSWORTH, JOHN PARENT, STEVE JULIAN, DAN SPROUL, CALVIN JOHNSON, JEFF BANEY, PAUL KELLY, STEVEN CARDONA, M. NUEMANN, G. BURGESS, LAWRENCE HOWARD, E. GARCIA, HENRY RIVAS, FEDERAL BUREAU OF PRISONS and JOYCE CONLEY,<br><br>    Defendants. | No. 13-cv-866-JPG-RJD |

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Mohammad Zaki Amawi's motion to reopen the time to file a notice of appeal (Doc. 210). Amawi has appealed the Court's order of April 10, 2017 (Doc. 206) denying his motion for an extension of time to object to a Report and Recommendation (Doc. 203) and his motion for relief from judgment (Doc. 205). He filed his notice of appeal on December 26, 2018 (Doc. 209).

Federal Rule of Appellate Procedure 4 sets forth the timing rules relating to notices of appeal. Rule 4(a)(1)(B) provides that, in a civil case like this involving a United States employee, the notice of appeal must be filed within 60 days of entry of the judgment or order

from which the appeal is taken. Here, Amawi filed his notice of appeal 625 days after entry of the order he has appealed (or 615, allowing for the prison mailbox rule). He now asks the Court to reopen his period for filing a notice of appeal so that his notice is deemed timely.

If a party fails to file a notice of appeal within the original 60-day period or any extension granted under Rule 4(a)(5), the Court may reopen the time to file a notice of appeal if:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

It is simply too late to reopen Amawi's appeal period because he does not satisfy the second criteria for reopening an appeal period. Even if Amawi did not receive the Court's April 10, 2017, order until very recently (which he does not allege), the earlier of the two periods mentioned in Rule 4(a)(6)(B) is 180 days after entry of the order from which he appeals. Amawi did not file his motion to reopen until more than 600 days after entry of the order, so the Court has no power under Rule 4(a)(6) to reopen his appeal period. Accordingly, the Court **DENIES** his motion to reopen the appeal period (Doc. 210).

The Court **DIRECTS** the Clerk of Court to send the Court of Appeals a copy of this order for consideration in connection with Appeal No. 19-1014.

**IT IS SO ORDERED.**
**DATED: January 14, 2019**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**